IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY THOMAS #10099
        Petitioner            :

v.                                : CIVIL ACTION NO. WDQ-12-2695

UNITED STATES OF AMERICA     :
        Respondent

**MEMORANDUM OPINION**

On September 10, 2012, Barry Thomas, presently detained on federal criminal charges and held at the Chesapeake Detention Center in Baltimore,[1] filed this 28 U.S.C. § 2254 Petition for habeas corpus relief.[2] Thomas alleges that Karl H. Goodman, Esq., who represented Thomas in the Circuit Court for Baltimore City following his November 7, 2009 arrest on drug charges, failed to convey a plea bargaining agreement to him. Instead Goodman, now deceased, allegedly informed Thomas that the charges would be dismissed. Those charges were dismissed at Thomas' November 24, 2011 arraignment,[3] at which time Thomas was taken into federal custody. Thomas claims that Goodman failed to tell him that the state charges were dismissed because the United States Attorney's Office had agreed to prosecute Thomas under federal drug conspiracy laws. Thomas further alleges that Goodman had been informed by prosecutors that if Thomas agreed to plead guilty in state court, the federal charges would not be filed. Thomas indicates he would have accepted the plea offer in order to avoid the more stringent penalties likely to emanate from a federal drug conspiracy conviction. ECF No. 1.

Thomas' Petition attacking the performance of his state court attorney cannot proceed,

---

[1] *See United States v. Thomas*, Criminal No. WDQ-10-0082 (D. Md.).

[2] Thomas' request to proceed in forma pauperis (ECF No. 2) shall be granted.

[3] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

because Thomas is not "in custody" under a state court conviction. The charges brought in the Circuit Court for Baltimore City have been dismissed. Thus, this Court lacks subject matter jurisdiction over the Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Cafafas v. La Vallee*, 391 U.S. 234, 238 (1968). At the time he filed this matter, Thomas was not in custody for purposes of raising a claim pursuant to § 2254(a).

For the aforementioned reasons, this § 2254 Petition is hereby denied and dismissed and a Certificate of Appealability shall not issue.[4] A separate Order follows.

Date: 9/17/12

William D. Quarles, Jr.
United States District Judge

---

[4] In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. No such showing is possible here.